**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------x

Christopher DeRaffele, John DeRaffele,
*mivu children a m ankem .*
*not minor child chaso Mendoza*



**Plaintiffs**

**CIVIL CASE NO.**

*7:24 EV- 01920 .*

Against.

Honorable Joseph A. Zayas- Chief Administrative
Judge of Unified Court System of New York,
Family Court of New Rochelle,
Honorable Judge Melissa Loehr,
Miss Deborah Clegg, Miss Claudette Lamelle,
Guadalupe Mendoza and Gail DeRaffele Cerreta

**Defendants**

-------------------------------------------------x

**Requesting This**
**Be Designated A**
**Class Action Suit**



# **COMPLAINT**

# **INTRODUCTION**

The Plaintiffs in this action, John DeRaffele, Christopher J. DeRaffele and minor       *c P*              age 7 and C.*M*

aged 7 months, bring this action to the Federal District Court in order to rectify an injustice that violates the very basic rights of individuals such as to the 1st amendment right of free speech, the 14th amendment right of due process and a violation of their civil rights of deprivation under Title 42 USC 1983.

This case is not a frivolous action but a case of civil rights deprivation and other violations to the Constitution.

The case that is being presented to this Court is regarding the abusive and improper practices of the Unified Court System of New York, Department of State in allowing Family Courts and their Judges to abuse the temporary orders of protection that were given to Defendants in this case, Miss Guadalupe Mendoza, and Mrs. Gail DeRaffele Cerreta against the Plaintiffs, Christopher J. DeRaffele and John DeRaffele based on false and unfounded allegations. The Family Court seems not to care that the basic rights of the Plaintiffs in these actions are robbed of

their basic rights under the Constitution such as free speech- to speak and see C *D*      and C.*M*    due process to a fair and impartial and speedy trial and their civil rights of deprivation, keeping Plaintiff away from his children.

In the case before you, you will see that the temporary orders of protection are given out freely by Family Court Judges and in this specific Case Honorable Judge Melissa Loehr who grant these petitions based on hearsay, when knowing the damage they do to all Respondents, specifically the Plaintiffs by not allowing them to be in the presence of their children or even speak to their children for long extended periods of time.

Juge Honorable Melissa Loehr was fully aware of the damage that is done to children by depriving them of having both parents in their lives but she simply doesn't care.

The Honorable Judge Melissa Loehr is fully aware of case law acknowledging the damage that prolonged absence of a parent/grandparent from their child/grandchild can result in long lasting negative effects in the children, in this case C. *c D*  , a minor of 7 years old and C *M*        , 7 months.

Judge Loehr has simply postponed one hearing after another starting on 6/12/23, regarding the temporary orders of protection granted to Defendant Gaudalupe Mendoza. The Honorable Judge Loehr assigned a supervisor of visitation, Miss

Page 2

Claudette Lamelle to oversee Plaintiff's visits who is also named in this complaint, for violating the rights of Christopher J. DeRaffele because she has prevented him from seeing his daughter and son and thereby violating his rights under the Constitution.

Miss Claudette Lamelle, after being appointed by the Court on 6/30/23, has intentionally violated the essence of the Court Order, has lied about Plaintiff Christopher DeRaffele conduct and has under oath, deceived the Court by stating untruths during a recent hearing. The untruths were backed up by text messages showing she lied and the Honorable Judge Melissa Loehr simply ignored the Plaintiff's attorney's objections.

The Plaintiffs are well aware that the initial use of the temporary orders of protection was to be used to safeguard the well being of legitimate Petitioners who were in harm's way but now it is used in Family Court by Petitioners as a tool to punish Respondents and Plaintiffs in this case by taking away their basic rights and in this specific case, being at the mercy of a biased Judge who with her cohorts, law guardian Deborah Clegg and social worker Claudette Lamelle has robbed the Plaintiffs of their rights to see their daughter and granddaughter, C

C          is a minor as is C M.          and are

Page 3

Defendants in this case and their rights to see their father and grandfather have been intentionally violated by false allegations that were logged against the Plaintiffs and the male biased Judge Loehr and her cohorts have made sure that C𝒟      and C𝓜 cannot see their father and grandfather in a safe environment. The Plaintiff has been charged with simply baseless allegations with no witnesses or evidence to back the claims of Defendant, Gaudalupe Mendoza, and Judge Loehr has extended the hearing on these charges since 6/5/23. In 11/29/23, the orders of protection against John DeRaffele were withdrawn by Gaudalupe Mendoza and Gail DeRaffele Cerreta knowing the allegations were bogus and baseless, but due to the actions of Gaudalupe Mendoza, John has not been able to see his grandchildren.

The officials in this case named as Defendants are no longer protected under "Monroe VS Pope" which in the past protected them, granted them absolute immunity, and allowed them to continue abusing the rights of citizens of this country and specifically the Plaintiffs in this case.

The Plaintiffs now believe that anyone, including the Uniform Court System of New York, Department of State, Judges and Law Guardians, can be treated as an individual subject to monetary damages, declaratory and injunctive relief for actions

Page 4

that violate the rights of individuals and in this case, the Plaintiffs under the 1st and 14th amendments to the Constitution and under Title 42 USC 1983, deprivation of their civil rights.

The Plaintiffs bringing this action are asking the Court to declare a class action suit so the thousands of mostly males can seek closure and compensation for the abuse they suffered by the misuse of the temporary orders of protection in the State of New York and the consequences of violations of these faulty orders stemming in most cases from false allegations by Petitioners against Respondents, that can result in criminal charges, heavy legal fees, loss of job, incarceration and family damage that takes years to mend.

Today on March 13th, 2024, the New York Post had an article about the importance of family bonding, IE children with their parents.

Judge Melissa Loehr has simply ignored the bonding factor and the Plaintiff's rights to see his children in a safe and comfortable atmosphere. The Court has willfully subjected the Plaintiffs to emotional stress and had used "the good ole boy system" with Deborah Clegg and Claudette Lamelle as her coconspirators and violating the civil rights of the Plaintiffs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this section pursuant to 28USC 1133 and 1343.
2. Declaratory relief is authorized by section 28USC 2201 and the federal rules of civil procedure 57.
3. This Court has personal jurisdiction over the Defendants because they were located in the southern district of New York.
4. Venue is proper in the southern district of New York pursuant to 28USC 1391(b) and that the Defendants are subject to personal jurisdiction in the southern district of New York and the events that gave rise to this action occurred in southern district of New York.

Page 6

## 1. BASIS FOR JURISDICTION

What is the basis for federal-court jurisdiction in your case?

(x) Federal Question

Which of your federal constitutional or federal statuary rights have been violated?

1st amendment Free Speech,
14th Amendment of Due Process,
Civil Rights under Sec. 42 USC 1983

## II. Parties

## A. Plaintiff Information

Provide the following information for each Plaintiff named in the complaint. Attach additional pages if needed.

1. **John DeRaffele**

   **867 Weaver Street New Rochelle, NY 10804**

   **Westchester County, (914)420-3962**

   **JDeRaffele@aol.com**

2. **Christopher DeRaffele**

   **867 Weaver Street New Rochelle, NY 10804**

   **Westchester County, (646) 306-4715**

   **CJDeRaffele@aol.com**

3. **C**

   **535 1ˢᵗ Ave Pelham, New York 10803**

   **Westchester County**

4. **C M**

   **535 1ˢᵗ Avenue, New Rochelle, NY 10803**

   **Westchester County**

Page 8

## B. Defendant Information

Defendant 1:

Unified Court System of New York
Attn. Chief Justice Joeph Zayas- Chief Administrative Judge
25 Beaver Street (Room 852)
NY- New York      NY, 10004

Defendant 2:

Family Court of New Rochelle
Local District Court
29 Garden Street
Westchester County   New Rochelle, NY 10801

Defendant 3:

Honorable Judge Melissa Loehr
Presiding Judge of Family Court of New Rochelle
29 Garden Street
Westchester County    New Rochelle, NY 10801

Defendant 4: Deborah Clegg
Child Guardian for Charlotte DeRaffele
29 Garden Street
Westchester County    New Rochelle, NY 10801

Page 9

Defendant 5: Claudette Lamelle-Social Worker

Supervisor of Visitation

10 Fiske Place

Westchester County     Mount Vernon, NY 10550

Defendant 6: Gaudalupe Mendoza

Petitioner in Family Court

535 1st Avenue

Westchester County     Pelham NY 10803

Defendant 7: Gail DeRaffele Cerreta

467 Primebrook Blvd

Westchester County     New Rochelle, NY 10804

## III. Statement of Claim

Place(s) of occurrence: New Rochelle, NY 10801

Date(s) of occurrence: From June 5, 2023 to Present

Page 10

## FACTS

### As to Plaintiff John DeRaffele

1) NOTE- In each of the annexed incidents, the Plaintiffs are stating in this complaint, that their individual rights were violated under the 1st amendment to the Constitution freedom of speech, the 14th amendment to the Constitution of due process and a violation on the civil rights Title 42 USC 1983, deprivation of the civil rights of the Plaintiff.

2) The Plaintiffs are stating that each and every one of the Defendants participated in 1 or multiple acts to violate the individual rights of the Plaintiffs under the Constitution of the United States.

3) INCIDENT # 1- A temporary order of protection was granted by the New Rochelle Family Court located at 29 Garden Street New Rochelle by the presiding Court Judge Honorable Melissa Loehr on June 5th, 2023 in favor of the Defendant Gaudalupe Mendoza against Plaintiff John DeRaffele.

4) In the Temporary order of protection, file #171506 Docket # 04909/23 the Honorable Judge signed an order prohibiting the Plaintiff from seeing his granddaughter C 𝒫 and others and also refraining from assaulting, etc. the Defendant Guadalupe Mendoza.

Page 11

This action took place in Westchester County in New Rochelle NY on 6/5/23.

5) The results of this temporary order of protection is that it hindered and prevented the Plaintiff from seeing or speaking to his granddaughter C P      or her sister C W     whom the Plaintiff had a close relationship with the prior 7 years. The Plaintiff states that this order violates his rights under the 1st amendment, right of free speech, the 14th amendment, due process and title 42 USC 1983, deprivation of civil rights.

6) The allegations against the Plaintiff were not based on any valid evidence or proof by the Defendant Gaudalupe Mendoza who the Plaintiff states lied and presented allegations that were not Family Court offenses and thereby depriving the Plaintiff from his rights of seeing his granddaughter, C P ʼ

7) In the past, the Plaintiff had a close relationship with his granddaughter seeing her multiple times during the week, making dinner for the family, or going out to dinner and providing a weekly allowance for C P        and her older sister, C. W

8) The Defendant Gaudalupe Mendoza's motive in obtaining the temporary order of protection was to force the Plaintiff into settlement negotiations in her favor by depriving the Plaintiff of seeing his granddaughter and causing emotional stress to both

Page 12

the Plaintiff and to C ✍ and C ✍ who share a strong bond.

9) The Plaintiff is seeking relief in this Court under his Constitutional rights of 42 USC 1983, the 1st amendment of free speech and the 14th amendment of due process.

10) INCIDENT # 2- on June 12th, 2023, a Family Court hearing was scheduled before the Honorable Judge Meliss Loehr.

11) It took place at Family Court New Rochelle, 29 Garden Street, New Rochelle, NY 10801 on June 12th, 2023.

12) At the hearing, the Defendant Guadalupe Mendoza spoke about her allegations and the Plaintiff demanded that the Court require proof in the form of witnesses, or documents to show her allegations were valid and or to set up a speedy trial to address the allegations so that The Plaintiff could exonerate himself.

13) The Honorable Judge Melissa Loehr displaying disdain for the Plaintiff, set a hearing date of 9/8/23 approximately 3 months later and kept in place the temporary order of protection, violating the Plaintiff's rights under the 1st and 14th amendments of the Constitution and his civil rights under Title 42 USC 1983, restricting him from seeing his granddaughter, C ✍

14) The Plaintiff was unable to speak or see his granddaughter C ✍ and has to stay away from family functions, funerals

Page 13

knowing the plan of the Defendant Gaudalupe Mendoza was to somehow trick the Plaintiff into violating the temporary order of protection that was issued with no proof of any wrongdoing whatsoever so she could file criminal charges.

15) The Defendant Guadalupe Mendoza knowingly used the temporary order of protection to hurt the Plaintiff, knowing his strong attachment to his granddaughter and her sister C *w* and used this evil tool to cause emotional stress in order to seek a favorable settlement in her proceedings against Plaintiff's son, Christopher DeRaffele.

16) The Plaintiff states that his civil rights under the Constitution were violated by the actions of the Defendant Guadalupe Mendoza and the presiding Judge Melissa Loehr violated his 1st amendment right of free speech, 14th amendment of due process and his civil rights under 42 USC 1983.

17) INCIDENT # 3- On or about 8/22/23, Defendant Guadalupe Mendoza went back into Family Court and under the presiding Judge Melissa Loehr located at 29 Garden Street New Rochelle filed for a 2nd Temporary order of protection file# 171506, Index 7303/23 against Plaintiff John P. DeRaffele. Note - Plaintiff's name is John DeRaffele.

18) The allegations presented by Defendant Guadalupe Mendoza were not Family Court offenses yet Judge Loehr allowed a

Page 14

temporary order of protection to be written up and to be put into the Plaintiff's file as if it was served properly upon him and that it was signed correctly by the Clerk of the Court of which it was not but accepted the order as if there were no defects to the temporary order of protection but the name of the Respondent was incorrect.

19) Miss Mendoza, the Defendant, in this action used this faulty temporary order of protection, once again to intimidate Plaintiff and trying to force an unfair settlement with his son by depriving the Plaintiff of not seeing his granddaughter, C ℗        vhom he was used to being with multiple days in a week, making dinner for their family or going out to dinner or attending functions or just visiting with both C ℗         and C ω

The Plaintiff states that his civil rights under the Constitution were violated by the actions of Defendant Guadalupe Mendoza.

20) INCIDENT # 4- In 9/8/23, the hearing scheduled for the Plaintiffs in Family Court of New Rochelle located at 29 Garden Street, New Rochelle, NY 10801, was once again postponed by the Honorable Judge Meliss Loehr.

21) The Honorable Judge Loehr kept the (2) orders of protection Index # 04909/23 and 7303/23 in place , again depriving the Plaintiff of seeing his granddaughter which now was approximately over 100 days.

Page 15

22) The Honorable Melissa Loehr postponed the hearing until 11/29/23, once again preventing the Plaintiff from seeing his granddaughter, causing great emotional stress not only to him but his granddaughter C. A̶    and her sister C W̶

23) The Plaintiff has been told that both the Defendant Miss Gaudalupe Mendoza and her mom Miss Gaudalupe Avila spent each night, telling both C. A̶    and C W̶    that C A̶ grandfather and C A̶    father did not want to see them and that they were being very bad to the Defendant Guadalupe Mendoza and that they were not good people. It has been alleged that this caused the children to speak badly about their grandfather and father to the supervisor of visitation, Miss Lamelle, and the law guardian Miss Deborah Clegg, both a part of the "good ole boy system" in Family Court of New Rochelle and Defendants in this case.

24) The Honorable Judge Melissa Loehr who from day one showed bias towards the Plaintiffs by her outward appearance and her rulings continued the order of protection until the next hearing 11/29/23, causing damage to the Plaintiffs without any knowledge or proof that any of the allegations were legitimate but restricting them from seeing C A̶    and her sister, C W̶

25) The Plaintiff states that his civil rights under the Constitution were violated by the actions of Defendant Guadalupe Mendoza.

Page 16

26) INCIDENT # 5 – On or about 11/20/23, an ally of Defendant Miss Gaudalupe Mendoza, my niece Gail DeRaffele Cerreta filed a temporary order of protection in the Family Court of New Rochelle located at 29 Garden Street New Rochelle, NY 10801 citing false allegations with no basis for Family Offensive Claims, yet the Honorable Judge Melissa Loehr granted the temporary order of protection and set a hearing for 11/29/23.

27) The Defendant Miss Cerreta filed the bogus claims in the temporary order of protection in order to induce the Plaintiff into an unfair settlement with Defendant Guadalupe Mendoza by using the temporary order of protection as a means of keeping the Plaintiff away from family members and gatherings and simply harassing him, causing great emotional distress.

28) The Honorable Judge Melissa Loehr issued a temporary order of protection based on false allegations with no proof or witnesses to substantiate the claims. In fact, this temporary order of protection was brought in the wrong name of John P. DeRaffele, Plaintiff's oldest son, but that didn't seem to matter to the Court as long as presiding Judge Loehr was in charge of the matter and believes she can violate anyone's rights with no consequences.

29) Upon the start of the hearing as I was about to address the false allegations before Judge Loehr, the two Defendants, Guadalupe Mendoza and Gail DeRaffele Cerreta through their attorney, Max

Page 17

Di Fabio, withdrew the (3) outstanding temporary orders of protection that were levied against the Plaintiff and I was not able to address the false allegations by the (2) Defendants.

30) The Plaintiff states that his civil rights under the Constitution were violated by the actions of Defendant Guadalupe Mendoza and Gail DeRaffele Cerreta.

31) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

32) INCIDENT # 6 – On or about 1/5/24, Defendant Gail DeRaffele Cerreta once again went before Family Court Judge Melissa Loehr at Family Court in New Rochelle located at 29 Garden Street, New Rochelle, NY 10801 to seek another temporary order of protection against Plaintiff. Once again based on false allegations or no basis for a family offense, just simply to try to humiliate and harm the Plaintiff and help her harass Plaintiff by any means because the Defendant sought to be an ally of Miss Mendoza. In this Temporary order of protection, Judge Loehr should have known that there was no basis to issue an order against the Plaintiff but did because it was her normal operating procedure to restrict the rights of males brought before her in Family Court of New Rochelle and her bias against me. Judge Melissa Loehr set a hearing date of 2/8/24.

Page 18

33) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

34) INCIDENT # 7 – On 2/8/24, at the Family Court of New Rochelle hearing located at 29 Garden Street, New Rochelle, NY 10801, a hearing was scheduled and the Defendant Gail DeRaffele Cerreta, before the Honorable Judge Loehr, began to address her false allegations when she was interrupted by the judge's law clerk, Mr. Davidson, who stated "the Court could not proceed since there was no family offenses stated in the temporary order of protection".

35) Judge Loehr was very familiar that on 1/5/24, that the request for the temporary orders of protection was baseless and yet granted it because of her male bias and maybe her stupidity but she cannot claim that she did not know the basis for a family offense and in such is guilty of violating the Plaintiff's rights under the Constitution. She simply did so because Judge Loehr believes that all males/men are no good and has a bias so obvious by her disposition in the Court in speaking to the Plaintiffs and being so disrespectful in portraying her belief that they are guilty, regardless of the baseless charges with no evidence presented to warrant a temporary order of protection.

36 These allegations, although withdrawn, still caused stress to the

Page 19

37) Plaintiff and he was grateful to Mr. Davidson for stepping up because it appeared that Judge Loehr did not care that the allegations were baseless. She was ready to proceed.

The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

## SUMMARY

38) The Plaintiff believes that the incidents stated in this case show that the Uniform Court System of New York allow the Courts to use temporary orders of protection based on no proof in order to submit Respondents and in this case, the Plaintiffs humiliation, to rob them of their rights of free speech in talking to his granddaughter and of due process and of deprivation under Title 42 USC 1983 of not being able to see C W ✓

39) The Uniform Court Systems, Judge Loehr and her cohorts, Miss Lamelle and Miss Clegg, and the (2) Defendants, Guadalupe Mendoza and Gail DeRaffele Cerrata, are guilty of violating the Plaintiff's rights with their motives simply being to use the temporary orders of protection to seek an advantage in their negotiations in Family Court, to get a favorable settlement, and also to humiliate and deprive the Plaintiff of being in the presence or speaking to his granddaughter C ⊘         and grandson C M

or her sister C W and intentionally inflicting pain on them

for the selfish motive of trying to get an advantage in Family Court

proceedings, knowing the bias that is our Courts.

40) AS To The Eight INCIDENT
The uniform Court System of NY, located Throughout
NY has Been fully Aware of the abuses of the Tempary
order of Protection And Those effects it has on
children, Respondents AND Their families.

41) The uniform Court System of NY Allowed Judge
hoehn AND her cohorts, Ms Clegg and Ms Lemelle
To Violate PLAINTIFF Rights To See his grand
children Violating his 1st AMENDMENT Rights,
14 AMENDMENT Right of Due Process and
PLAINTIFF Civil Rights under 42 USC 1983.
The uniform Court System was very familiar
with the Abuses of the Temporary order of Protection
AND has recommendation To change AT THIS Time.
The Court System simply Allowed Respondents To be
subject To Losing Their rights To Protect The few
That Needed Protection from Abusive Spouses.
The DAMAGE TO PLAINTIFF has been very DAMAGING
CAUSING great Emotional STRESS To PLAINTIFF
These Abuse started in June of 2023 To Present

Page 21

## Facts

### As to Christopher J. DeRaffele

42) INICIDENT #1- On 6/5/23, a temporary order of protection was granted. The Defendant Gaudalupe Mendoza by the Honorable Judge Melissa Loehr from the family Court of New Rochelle located at 29 Garden Street, New Rochelle, NY 10801. This incident occurred in New Rochelle and the Defendant Miss Mendoza alleged various allegations against Christopher J. DeRaffele based on no evidence whatsoever, yet Melissa Loehr granted the temporary order of protection to Defendant Guadalupe Mendoza and her 6-year daughter, C ᴐ

43) Miss Mendoza started this action on 6/5/23 because my dad, the Plaintiff John DeRaffele, on 6/4 gave the Defendant notice she was no longer a real estate agent for his company JD Station Plaza Realty Inc., due to unacceptable behavior that I am told on her part.

44) The temporary order of protection's initial function was to protect individuals in most cases women from physical abuse and the Defendant, Miss Mendoza, who worked for the court system in California knew it could be used as a tool in negotiating family court settlements by causing emotional stress and depriving the accused party, Christopher, of seeing his daughter C ᴐ     or her older sister C ᴎ       who he Plaintiff raised for 10 years.

Page 22

45) The Plaintiff provided love, food, shelter, entertainment, etc.. and now being isolated from C D⸻ and CW⸻ causing great anxiety and stress which the Plaintiff has had to seek therapy simply to cope with the loss of not being with his daughters.

46) The Plaintiff believes that his right to free speech and his due process rights and his civil rights were violated by actions of the Defendant Gaudalupe Mendoza and by the presiding Judge who from the minute he entered the Court showed bias and disdain for him simply because he was a male. The Defendant Miss Mendoza knew from the start that the allegations were false and that she was only doing it to get an upper hand and cause pain to the Plaintiff.

47) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

48) INCIDENT # 2 – On or about 6/12/23, at a hearing regarding the temporary order of protection between the Plaintiff and the Defendant, Miss Guadalupe Mendoza, and before the Honorable Judge Loehr at the Family Court located at 29 Garden Street, New Rochelle, NY 10801. Judge Loehr postponed the hearing until 9/8/23 and in addition granted the Defendant Miss Mendoza the right to be in charge of supervised visits between myself and my daughter C D⸻ for no reason whatsoever except Judge

Page 23

Loehr based her decision on unsubstantiated allegations and decided to grant restricted supervised visitations for the Plaintiff who previously spent most of his free time in the past 6 years with his child C 🖋 and her sister C 🖋

49) The Uniform Court System of New York allows these baseless temporary orders of protection to be granted and in the process allowed the Honorable Judge Loehr to have the Defendant, Guadalupe Mendoza, who is the Petitioner in an action of the temporary order of protection to now be in charge of the supervisors who are going to oversee the Plaintiff's visits with his daughter, C 🖋 . Conflict of interest at its best!

50) Of course, Miss Gaudalupe Mendoza set it up that after a couple of visits with the school nurse, Miss Elizabeth Wolfenhaut, she, Miss Mendoza, then began to solely supervise the visits herself and put in a position as a Petitioner with a temporary order of protection that she could violate the Defendant at any time and at will which she did from a position that should not have been granted.

51) After the hearing on 6/12/23, the Defendant Miss Mendoza who was the Petitioner in Family Court, seeking a temporary order of protection, began calling and texting the Plaintiff numerous times and when the Plaintiff eventually answered later in the evening,

Page 24

that Miss Mendoza was sorry for filing the bogus petition and would withdraw it the next day and that they should meet and settle the differences between themselves since for the past 8 years, they lived in a happy environment raising 2 children and that Miss Mendoza was now pregnant with his baby and believed they could compromise and work things out.

In fact, the Plaintiff believing that Miss Mendoza was withdrawing the complaint the very next day met with her, they had sex, talked and then it subsequently resulted in a violation against him in Pelham Village Court of Pelham, New York, causing him to have to hire a criminal attorney, large legal expenses and severe anxiety and stress because he trusted the Defendant, Guadalupe Mendoza,  whom he believed was his true love.

The actions of the Defendant, Miss Mendoza, has caused the Plaintiff to suffer the loss of seeing his daughter, anxiety and depression and he believes that action on Defendant Guadalupe Mendoza's part violates his civil rights and his Constitutional rights, all because Miss Mendoza believes that by putting him in this position she could seek a favorable decision in their family court matters and has no regard for his feelings or their child, Charlotte's mental health.

The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42

Page 25

USC 1983 were violated.

5) INCIDENT # 3 – On or about July 2023, Plaintiff had his 1st Court ordered supervised visitation so ordered by the Court on 6/30/23 with Claudette Lamelle, a social worker that was appointed by the Honorable Judge Loehr.

6) According to the Plaintiff, the 1st visit and only visit went very well at the office of Miss Lamelle located at 10 Fiske Place, Mount Vernon, NY 10550. The Plaintiff believes that Miss Lamelle was very pleased with the outcome and even left the room so that Chris and C 𝒫 could have fun together without her presence.

7) Shortly thereafter, Plaintiff believes that Defendant, Miss Guadalupe Mendoza, had a conversation with Miss Lamelle where she bad mouthed the Plaintiff stating to Miss Lamelle that he was on drugs, unstable, violent and abusive which caused Miss Lamelle, in defiance of her court order of 6/20/23, to hinder the Plaintiff from seeing his daughter, Charlotte.

8) In a recent Court appearance, Miss Lamelle stated under oath that the Plaintiff never sought a 2nd appointment, yet text messages were presented to the Court to prove that Miss Lamelle's statements were untruthful. The proof of Miss Lamelle's untruths were simply ignored.

Page 26

59) The presiding Judge in this hearing regarding an order to show cause was the Honorable Judge Melissa Loehr who simply ignored the evidence and then denied the order to show cause partially but Judge Loehr then granted Miss Lamelle the ability to stay on as the chief supervisor of the Plaintiff with another supervisor, Carmen Condelero of SVE to be a supplemental supervisor of visits for the Plaintiff and his child, C ▱

60) Plaintiff and the order to show cause was initially requesting unsupervised visitations, knowing he could not go back to Miss Lamelle due to her behavior towards him and also suggested as an alternative to unsupervised visits since he was familiar with the bias in Judge Loehr's bias and that he be able to use Miss Carmen Condelero of SVE as the supervisor of visitation to C ▱

61) When Miss Condelero of SVE found out that she would be a supplement to Miss Lamelle, she decided that she would not take that position knowing the reputation Miss Lamelle and the law guardian Miss Deborah Clegg, another Defendant in this case, Miss Condelero had an ex parte conversation with Miss Lamelle and Miss Clegg regarding the Plaintiff and they were pressuring her not to be involved or else and that the Plaintiff "liked to sue people." At this ex parte conversation, Miss lamelle and Miss Clegg suggested that the Plaintiff was on drugs,

Page 27

unstable and violent. These conclusions coming from Miss Lamelle who had spent approx. 45 minutes with the Plaintiff and Miss Clegg who had spent absolutely no time with the Plaintiff yet came to these bizarre conclusions.

62) Mis Condelero was in no way going to be involved with these two individuals and their antics, knowing the past history of the "good ole boy system that takes place in New Rochelle".

63) Miss Lamelle in a conversation with Plaintiff's aunt, Diane Constanzo, who had called on behalf of the grandmother of Charlotte to find out why the visitations were not continuing and was told by Miss Lamelle that she believed that the Plaintiff was unstable, on drugs, abusive and that he was a "spoiled Trump supporter" which left Miss Constanzo bewildered by the conduct of this social worker who spent little time with the Plaintiff yet made these astonishing statements and observations and in violation of her court appointment of 6/30/23 by the Honorable Judge Melissa Loehr.

64) Upon information and belief, prior to speaking to Christopher's aunt, Diane Constanzo, Miss Lamelle took a call from the defendant Gail DeRaffele Cerreta who at the time was befriending the Plaintiff and also the Defendant Guadalupe Mendoza and stated to Miss Lamelle that "she believed that the Plaintiff was on drugs, abusive, violent and unstable", yet had not

Page 28

been in the company of the Plaintiff for years. Miss Cerreta has since denied that she ever talked to Miss Lamelle and is now involved in a defamation lawsuit with the Plaintiff, Index # 50706/23 in Supreme Court Westchester County NY.

65) The conduct of Miss Lamelle has caused the Plaintiff great anxiety and stress, besides prohibiting him by her conduct of not seeing his daughter C. $\mathcal{D}$ ; , by lying to the Court under oath, has caused great emotional stress and by restricting his visits in direct violation of the Court order of 6/20/23 by the Honorable Meliss Loehr has violated his Constitutional rights of the 1st and 14th amendments right and his civil rights under Title 42 USC 1983.

66) The Plaintiff believes that the motive for this bias is that "a gool ole boy system is in place at the Family Court in New Rochelle", and that bias of Judge Loehr, Miss Lamelle and Deborah Clegg is so prevalent that when they enter the room you can see the disdain on their face and that assume the Defendant's, Guadalupe Mendoza, allegations are correct and truthful without any type of certification as to the validity of the allegations or the motive behind Miss Guadalupe Mendoza's actions. Miss Lamelle is part of a bias conspiracy, and her actions show how bias she is and she even violated a Court order of 6/30/23.

67) The Plaintiff, prior to 6/5/23 was the parent who spent his free

Page 29

time doing homework with the children C⚡ and C𝓌 teaching Cheyenne how to play baseball, teaching Charlotte how to read and do her schoolwork and having fun with them, playing games. All of this was taken away by the actions of Defendant Gaudalupe Mendoza, Judge Loehr, Deborah Clegg and Claudette Lamelle.

67) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

68) INCIDENT # 4 – on or about 6/23, Plaintiff had hired David Rifas, located at 270 North Avenue New Rochelle NY 10801 as his attorney to negotiate with Max Di Fabio located at 2500 Westchester Avenue suite 107 Purchase NY 10577 regarding unsupervised visitations with his daughter C.D

70) It appears that after several conversations, both attorneys Mr. Rifas and Mr. Max Di Fabio came to an agreement and this plan presented it to the Judge Loehr who unofficially agreed that the initial visits would be supervised and then later changes to unsupervised visitations. It was then submitted to the law guardian, Miss Deborah Clegg, who refused to accept the agreement of the parties and was responsible for the agreement nullified, thereby preventing the Plaintiff from seeing his daughter

in an unsupervised atmosphere.

71) Miss Clegg to date has never interviewed the Plaintiff, visited his apartment, spoke to any family member but has come to the conclusion that the Plaintiff was unsuitable to be with his daughter without being supervised and also participated in the ex parte conversation with Claudette Lamelle and Carmen Condelero in which they made derogatory remarks about the Plaintiff and then tried to persuade Miss Condelero not to be involved in the supervised visits of the Plaintiff, citing allegations that were basically defaming the Plaintiff when in fact they had never spent any time whatsoever with the Plaintiff.

72) Miss Deborah Clegg is part of the "good ole boy system" and she believes that she is above the law and feels she is protected by immunity and that can violate the rights of the Plaintiff at will with no repercussions to her at all keeping the Plaintiff and his daughter C⸺ apart, causing great emotional damage and stress to both of them.

73) The Plaintiff believes that the motive for Miss Clegg's actions is bias towards men and her need for power that she got for being appointed the law guardian by Honorable Judge Loehr and by being part of the "good ole boy system" that prevails in the Family Court of New Rochelle and part of the Uniform Court Systems of New York.

Page 31

74) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

75) INCIDENT # 5- On or about 7/27/23, the Plaintiff Christopher DeRaffele received a call from Magistrate Judge Carol Jordan who stated that she was calling regarding an order for temporary child support and that the Defendant, Miss Guadalupe Mendoza was with her.

76) Plaintiff then stated that he had an attorney and that he would like an adjourned conversation until the attorney was available and present so that he would supply whatever information the Magistrate required for the temporary order for support.

77) Miss Jordan simply ignored the Plaintiff and then asked the Defendant Guadalupe Mendoza how much money the Plaintiff made in 2022.

78) It should be noted that Miss Mendoza is not married to the Plaintiff yet she stated that he made over $200,000.00 a year and upon hearing that, Magistrate Jordan stated that she was going to levy temporary child support on the Plaintiff of $2650 a month, starting in 8/23.

79) The Plaintiff believes that this call was unjustified since he was represented by an attorney and that call should have been made to his attorney, Mr. David Rifas but the Magistrate simply ignored

Page 32

his request.

80) The Plaintiff believes that the motive behind this bizarre action by the Magistrate was simply to intimidate and harass him and allow the Defendant Guadalupe Mendoza to be part of a "good ole boy system" that trample on the rights of men seeking fair treatment in the Family Court of New Rochelle, located at 29 Garden Street, New Rochelle, NY 10801.

81) The Plaintiff believes that his 1st amendment rights, 14th amendment right of due process and civil rights were violated by this unsolicited phone call made to him instead of his attorney and thereby violated his civil rights under the Constitution.

82) INCIDENT # 6 – On or about 10/17/23, the Plaintiff received notice from Magistrate Carol Jordan of the Family Court Support Unit located at 29 Garden Street, New Rochelle, NY 10801.

83) In this correspondence, Miss Jordan notified the Plaintiff that she was now upping the temporary child support for one child from $2650 a month to $3100 a month, not based on any financial paperwork such as W2's, pay stubs or tax returns.

84) The Plaintiff believes that Magistrate Carol Jordan, knowing that a support hearing was coming up, just initiated the increase to harass and intimidate the Plaintiff by this bizarre action.

85) Miss Carol Jordan was fully aware that the Plaintiff had been on

Page 33

unemployment, was not working and was being supported by his dad yet she arbitrarily raised the temporary support simply to harass the Plaintiff.

86) The Plaintiff believes that Magistrate Jordan violated his civil rights and his due process rights by taking this bizarre action against him without acknowledging that he had an attorney and without any paperwork that would have been needed to come to this conclusion but simply disregarded that fact and arbitrarily raised his child support.

87) Plaintiff believes that Miss Jordan is part of the bias that exists in the Family Court of New Rochelle and is one of the members of the good ole boy system and simply performed actions and deeds that are clearly there to intimidate men in the Family Court surrounding.

88) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

89) INCIDENT # 7- On or about 1/30/24, Plaintiff Chistopher DeRaffele was served with a defective second temporary order of protection file #171506, Docket # 0-4912-23/24C issued, we believe by the Honorable Judge Melissa Loehr and allowing the Petitioner/Defendant, Miss Guadalupe Mendoza, to cite in her petition allegations based on hearsay and not family offenses as

Page 34

she so states in her petition.

90) This petition was not signed by the Clerk of the Court nor was Miss Mendoza's signature notarized but it was sent to New Rochelle Police Department for service on the Plaintiff which they did when he entered the Police Department on an unrelated matter in which he was served with this defective temporary order of protection.

91) This incident occurred in New Rochelle, New York on 1/30/24. The Plaintiff believes that this order was filled out by Defendant Miss Mendoza and allowed by the Honorable Judge Melissa Loehr simply to harass, intimidate the Plaintiff, and cause him additional anxiety and stress.

92) The Plaintiff believes that his right to free speech, due process and his civil rights under Title 42 USC 1983 were violated by the Defendants, The Uniform Court System of New York, Judge Melissa Loehr and Defendant Guadalupe Mendoza.

93) The Plaintiff believes that his 1st amendment right of free speech, 14th amendment right of due process and his civil rights under 42 USC 1983 were violated.

94) INCIDENT # 8 – On or about 11/29/23, in the Family Court of New Rochelle located at 29 Garden Street New Rochelle, NY , Gail DeRaffele Cerreta filed a temporary order of protection

Page 35

against the Plaintiff based on no credible allegations and presented no evidence that the allegations contained in the offense were in violation of Family Offenses and simply listed them to harass and intimidate the Plaintiff in order to pressure him into submitting to a settlement with Guadalupe Mendoza, a Defendant in this action.

95) The Honorable Judge Loehr knew that this temporary order of protection was not based on family offenses but simply on allegations not supported by any evidence or witnesses.

96) In addition, The Plaintiff after reading the Petition realized to Pursuant 1113 of the Family Court Act that he could appeal this order within 30 days of receipt, by submitting an appeal to the Appellate Court in New York, only to find out that he was misled and that these temporary orders of protection are not appealable and he was misled by the claim on the temporary order of protection which stated that it was.

97) The Plaintiff believes that his rights under the Constitution were violated, 1st by Gail DeRaffele Cerreta, 2nd by the Honorable Judge Loehr, and 3rd by the Uniform Court System of New York in seeking to restrict his rights under the 14th amendment under the Constitution and restricting his rights free speech and violating his civil rights under Title 42 USC 1983.

98) The Plaintiff believes that his 1st amendment right of free speech,

Page 36

14th amendment right of due process and his civil rights under 42
USC 1983 were violated.

## SUMMARY

99)The Plaintiff believes that a bias exists in the Family Court of New
Rochelle under the direction of Judge Melissa Loehr. The Plaintiff
believes that from the initial signing from the 1st temporary order
of protection of 6/5/23 that his rights as a citizen of this country
were violated by a "good ole boy mentality" that exists with a
small group of cohorts in the Family Court of New Rochelle,
consisting of Honorable Judge Melissa Loehr, her Magistrate Juge
Carol Jordan, the law guardian Deborah Clegg and their social
worker, Miss Claudette Lamelle, who all come from the same
mindset that all men are no good and this bias prevails in their
attitudes towards them and in the Plaintiff's specific case where
he is seeking joint custody, very liberal visitations and yet his
requests are met with supervised visits by a biased and unstable
social worker, Miss Lamelle to rob the Plaintiff of care free and
frequent visits with his daughter, C ℘    which has resulted in
big damage both to the Plaintiff's mindset and to his daughter,
C ℘    who is being told that her father does not want to be
with her which is an untruth since he has been fighting for
unsupervised and unlimited visitations from 6/1/23 to present.

100) INCIDENT #9

The Uniform Court System of NY has knowingly violated my civil rights under 42USC 1983 and my first Amendment Rights of free speech and 14th Amendment of Due Process by the issuance of Temporary orders of Protection based on allegations only with no proof of validity of the Allegations and then allowing Judges to Postpone hearing at will so the Plaintiff had no chance of removing the Temporary orders of Protection which lead to violations and criminal charges and the absence of Plaintiff from seeing his children. Child Abuse at its best by the system that is suppose to Protect families and children.

101) Why, Because it was easy for the Court to freely give out these Temporary orders of Protection and punish every Respondent than to appoint those in real need and Danger. By Postponing hearing it further the chances of violations due to family mechanics and irresponsible behaviors of the Petitioners in these Actions.

MALE BIAS is prevalent in the family Court System and No one cares

These Abuses to Plaintiff occurred between June 1 of 23 to date

102) The Abuses have caused Plaintiff emotional stress, Anxiety and Depression and great financial harm.

Plaintiff is claiming his civil rights were violated, his Right to free speech by not seeing or talking to his children and Due Process of not getting a hearing on the Allegation in the proper time span.

P38

## IV. Relief

*103)* **1.** That this case be declared a class action suit.

*104)* **2.** Plaintiffs John DeRaffele, Christpher DeRaffele, C ⌀ and C M are seeking fifty million in compensatory compensation plus punitive damages and any other relief the Court deems just and proper.

*105)* **3.** That an injunction be granted to keep the temporary order of protection, that no temporary orders of protection can be granted without a hearing within 5 days and which proof of allegations must be presented to the Court in order to keep the temporary order of protection in effect. In addition, both parties should receive a temporary order of protection so that the Petitioner is not able to harass the respondent in order to cause a violation of the petition.

*106)* **4.** That the Court declare that the appeal disclosure included in the temporary order of protection be amended so that the temporary order of protection can actually be appealed and if not then it be removed from the temporary order of protection so as not to deceive pro se applicants.

Page 37

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

3/13/24

Dated: _John  DeRaffele_
_Christopher J DeRaffele_

Plaintiff's Signature

First Name    Middle Initial    Last Name
_867 Weaver St,    New Rochelle, NY 10804_
_867 Weaver St,    New Rochelle, NY 10804_

Street Address    _New Rochelle    NY    10804_
_Westchester    New Rochelle    NY    10804_

County, City    State    Zip Code
_914 420 3962_    _JDeRaffele @ AOL. Com_
_646 306 4715_    _CJ DeRaffele @ AOL. Com_

Telephone Number    Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

_Page 410_