UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER DeRAFFELE; JOHN DeRAFFELE;
C.D., a minor; C.M., a minor,

                Plaintiffs,

-against-

UNIFED COURT SYSTEM OF NEW YORK;
FAMILY COURT OF NEW ROCHELLE;
HONORABLE JUDGE MELISSA LOEHR;
DEBORAH CLEGG; CLAUDETTE LAMELLE;
GUADALUPE MENDOZA; GAIL DeRAFFELE
CARRETA,

                Defendants.

24-CV-1920 (CS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

CATHY SEIBEL, United States District Judge:

Plaintiffs Christopher DeRaffele and John DeRaffele, who are father and son and appearing *pro se*, bring this action on behalf of themselves and Christopher's minor children, C.D. and C.M, asserting violations of their rights under 42 U.S.C. § 1983. Plaintiffs paid the filing fees to bring this action. For the reasons set forth in this order, the Court dismisses Plaintiffs' claims, but grants Plaintiffs 30 days' leave to replead valid claims.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d

Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (*per curiam*); *see Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs, who seek to have this action designated as a class action, assert that they bring this action "to rectify an injustice that violates the very basic rights of individuals such as to the 1st amendment right of free speech, the 14th amendment right of due process and a violation of their civil rights of deprivation under Title 42 USC 1983."[1] (ECF No. 1 at 2.) They assert further that they are presenting their case to this court "regarding the abusive and improper practices of the Unified Court System of New York, Department of State in allowing Family Courts and their Judges to abuse the temporary orders of protection that were given to Defendants in this case, Miss Guadalupe Mendoza, and Mrs. Gail DeRaffele Cerrata against the Plaintiffs. Christopher J. DeRaffele and John DeRaffele based on false and unfounded allegations." (*Id.*)

Plaintiffs bring this action against the Unified Court System of New York, the Family Court of New Rochelle, Judge Melissa Loehr, Child Guardian Deborah Clegg, Social Worker Claudette Lamelle, Family Court Petitioner Guadalupe Mendoza, and Gail DeRaffele Cerreta. They seek to have this court "declare a class action suit so the thousands of mostly males can seek closure and compensation for the abuse they suffered by the misuse of the temporary orders of protection in the State of New York and the consequences of violations of these faulty orders stemming in most cases from false allegation by Petitioners against Respondents, that can result in criminal charges, heavy legal fees, loss of job, incarceration and family damage that takes years to mend." (*Id.* at 6.)

The following allegations are taken from Plaintiffs' complaint. Plaintiffs allege that their rights as father and grandfather have been violated by false allegations that were made against

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, capitalization, and spelling are in the original unless otherwise indicated.

them. Judge Loehr, who Plaintiffs describe as "male biased," together with Deborah Clegg and Claudette Lamelle, who Plaintiffs describe as Judge Loehr's "cohorts" and "coconspirators," have made sure that minors C.D. and C.M. cannot see their father and grandfather. (*Id.* at 5-6.) Plaintiffs bring this action seeking $50 million, injunctive relief relating to how temporary orders of protection are granted, and a declaration from this court that appeal instructions be included when temporary orders of protection are granted.

A review of the records of the New York State Unified Court System reveals that Plaintiff Christopher DeRaffele has five pending matters in the New York State Supreme Court, Westchester County: four matters against Defendant Guadalupe Mendoza and one matter against Defendant Gail DeRaffele Cerreta. *See* https://iapps.courts.state.ny.us/webcivil/FCASSearch [https://perma.cc/J6RZ-9Y6J]**.**

## DISCUSSION

**A.**     **Claim on behalf of C.D. and C.M. and Class Certification**

Plaintiffs cannot proceed *pro se* and assert claims on behalf of C.D. and C.M. or seek class certification. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows for two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Generally, a non-attorney parent cannot bring an action on behalf of his minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Because a nonlawyer cannot bring suit on behalf of others, a plaintiff proceeding *pro se* also cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976).

4

Accordingly, Plaintiffs may not assert claims on behalf of C.D. and C.M. and they cannot proceed as class representatives because they cannot represent the interests of any other individual; they may only represent their own interests. Plaintiffs' claims on behalf of C.D. and C.M. are therefore dismissed, and Plaintiffs' request to have this action designated as a class action is denied.

**B.     Judicial Immunity**

Plaintiff's claims against Judge Melissa Loehr must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff has not alleged any facts showing that Judge Loehr acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because

5

Plaintiff sues Judge Loehr for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiffs' claims against Judge Loehr as barred by judicial immunity.

**C.     Eleventh Amendment**

Plaintiffs' claims against the Unified Court System of New York must also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiffs' Section 1983 claims against the New York State Unified Court System are therefore barred by the Eleventh Amendment and are dismissed.

**D.     Private Defendants**

Plaintiffs' claims against Child Guardian Deborah Clegg, Social Worker Claudette Lamelle, Family Court Petitioner Guadalupe Mendoza, and Gail DeRaffele Cerreta must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.");

*see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (law guardians appointed to represent children in family court proceedings are not state actors who can be sued under § 1983); *Malek v. New York Unified Ct. Sys.*, No. 22-CV-5416, 2023 WL 2429528, at *18 (E.D.N.Y. Mar. 9, 2023) (same with respect to social workers who submit reports to court), *appeal dismissed* (July 7, 2023 and July 10, 2023); *Davis v. Whillheim*, No. 17-CV-5793, 2019 WL 935214, at *10 (S.D.N.Y. Feb. 26, 2019) (same as to social worker appointed by court).

As these Defendants are private parties who are not alleged to work for any state or other government body, Plaintiffs cannot state a claim against these Defendants under Section 1983.

**E.     *Younger* Abstention Doctrine**

The status of the state-court proceedings is unclear from Plaintiffs' complaint. To the extent that Plaintiffs, in seeking injunctive relief, ask this Court to intervene in proceedings pending in state court, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Thus, abstention is

appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

If a "federal lawsuit implicates the way that New York courts manage their own . . . proceedings — a subject in which 'the states have an especially strong interest'" — a State's interest is most likely implicated, warranting abstention under *Younger*. *Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)).

When any of these types of proceedings are pending in state court, the *Younger* doctrine bars federal courts from ordering injunctive relief that interferes with the state court proceedings. "State proceedings are pending for *Younger* purposes until all appellate court remedies have been exhausted." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290 n.6 (S.D.N.Y. 2000).

Plaintiffs' request "that an injunction be granted . . . that no temporary orders of protection be granted without a hearing within 5 days and which proof of allegations must be presented to the Court in order to keep the temporary order of protection in effect," (ECF No. 1 at 40), implicates how the state court performs it judicial function and manages its proceedings. *Younger* abstention therefore applies, and this Court refrains from exercising jurisdiction over this action and will not intervene in those proceedings. *See Falco*, 805 F.3d at 427-28 (lawsuit that "implicates the way that New York courts manage their own divorce and custody proceedings" requires abstention because it would interfere with procedures uniquely integral to state's ability to perform its functions in such proceedings); *Skillings v. City of New York*, No.

8

21-CV-3034, 2023 WL 8531493, at *5 (E.D.N.Y. Jan. 19, 2023) (*Younger* absention applies where lawsuit seeks declaratory and/or injunctive relief that would interfere with ongoing state custody proceedings) (collecting cases).

F.    ***Rooker-Feldman* Doctrine**

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

To the extent that Plaintiffs are challenging a final state-court judgment and seek an order from this Court vacating that judgment, their claim is for injuries "caused by the state-court judgment[s]." *Exxon*, 544 U.S. at 284. As Plaintiffs cannot ask this Court to review and reject state-court decisions, their claim for relief is barred under the *Rooker-Feldman* doctrine. Plaintiffs' avenue for review of a final decision of the family court is to appeal within the state court system, and then from New York's highest court to the Supreme Court of the United States.  *See, e.g., Gilmore v. Greene Cnty. Dep't of Soc. Servs.*, No. 07-CV-919, 2007 WL 4180749, at *2 (N.D.N.Y. Nov. 20, 2007) ("inferior federal courts have no authority to review judgments of state courts in judicial proceedings and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court").

G.     **Leave to Replead**

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court finds that it is unlikely that Plaintiffs can allege additional facts to state a valid claim, in light of their *pro se* status, the Court grants Plaintiffs 30 days' leave to replead.

Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against Defendant. If Plaintiffs have an address for any named defendant, Plaintiffs must provide it. Plaintiffs should include all of the information in the amended complaint that Plaintiffs want the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiffs suffered; and

d) the relief Plaintiffs seek, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiffs' amended complaint should tell the Court: who violated their federally protected rights and how; when and where such violations occurred; and why Plaintiffs

10

are entitled to relief. Plaintiffs must bear in mind the legal principles set forth in this Order in preparing their amended complaint.

Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiffs' complaint is dismissed as barred by judicial immunity, the Eleventh Amendment, and the *Younger* abstention and *Rooker-Feldman* doctrines.

The Court denies Plaintiffs' request to have this case designated as a class action, and Plaintiffs may not assert claims on behalf of C.D. and C.M.

The Court grants Plaintiffs leave to replead valid claims within 30 days of this order. If Plaintiffs choose to replead their claims, they must submit an amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-1920 (CS). No summons will issue at this time. If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the Court will enter civil judgment consistent with this order.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 26, 2024
        White Plains, New York

                                            CATHY SEIBEL
                                          United States District Judge