UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER DeRAFFELE; JOHN DeRAFFELE; C.D., a minor; C.M., a minor,

                Plaintiffs,

-against-

HONORABLE JOSEPH A. ZAYAS, CHIEF ADMINISTRATIVE JUDGE OF THE UNIFIED COURT SYSTEM OF NEW YORK; FAMILY COURT OF NEW ROCHELLE; HONORABLE JUDGE MELISSA LOEHR; MAGISTREAT JUDGE CAROL ANN JORDAN; MISS DEBORAH CLEGG; MISS CLAUDETTE LAMELLE; GUADALUPE MENDOZA; GAIL DeRAFFELE CERRETA,

                Defendants.

24-CV-1920 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

    Plaintiffs Christopher DeRaffele and John DeRaffele, who are father and son and appearing *pro se*, bring this action under 42 U.S.C. § 1983.  By Order dated March 26, 2024, (ECF No. 2 (the "Order")), which I incorporate herein, I dismissed the Complaint with leave to replead.  Because the Amended Complaint filed April 15, 2024, (ECF No. 10 (the "AC")), has the same deficiencies as the original Complaint, the AC is DISMISSED.

    The claims against the New York State Unified Court System were dismissed pursuant to the sovereign immunity provided by the Eleventh Amendment.  (Order at 6.)  Plaintiffs now attempt to revive them by naming the Chief Administrative Judge as a Defendant.[1]  But the Complaint contains no facts suggesting that Judge Zayas had any personal involvement in any

---

[1] To the extent Plaintiffs intend to sue the Unified Court System again, (*see* AC at 5), those claims are again dismissed.

alleged violation of Plaintiffs' rights.  Because personal involvement is a requirement for liability under 42 U.S.C. § 1983, *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023); *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020), the claims against Judge Zayas are dismissed.

The claims against the Family Court of New Rochelle are also dismissed, as the Family Court "is a part of the New York State Unified Court system and is, therefore, also protected by the State's sovereign immunity from suit in federal court."  *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order); *see United States v. Bommer*, 613 F. Supp. 3d 712, 719 (W.D.N.Y. 2020).[2]

As previously explained, (Order at 5-6), judges have absolute immunity for actions within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009).  Plaintiffs allege, in wholly conclusory fashion, that immunity does not apply because the judges acted outside the boundaries of their judicial duties and jurisdiction.  (AC at 1-3, 8, 24-26.)  But that sort of say-so does not suffice, *see, e.g., Singleton v. City of N.Y.*, No. 21-CV-2893, 2022 WL 524669, at *3 (S.D.N.Y. Feb. 22, 2022); *Curto v. Siwek*, No. 06-CV-761, 2007 WL 9777896, at *2 (W.D.N.Y. Feb. 12, 2007), *aff'd*, 322 F. App'x 62 (2d Cir. 2009) (summary order),[3] and Plaintiffs' factual allegations make obvious that the actions of which they complain arise out the judges' handling of litigation before them.  There are no facts in the AC suggesting that Judge Loehr or Magistrate Judge Jordan acted beyond the scope of their judicial responsibilities or outside their jurisdiction, *see Mireles*, 509 U.S. at 11-12; *Bliven*, 579 F.3d at 209-10, and the claims against them are therefore dismissed as barred by judicial immunity.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[3] The Court will send Plaintiffs copies of all unpublished decisions cited in this order.

As previously explained, (Order at 6-7), Deborah Clegg, Claudette Lamelle, Guadalupe Mendoza, and Gail DeRaffele Cerreta are private parties who cannot be sued under § 1983.  *See, e.g., Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").  The claims against them are dismissed.

"[B]ecause Plaintiff[s were] already advised of the deficiencies in [their] original Complaint and provided with an opportunity to amend the Complaint, and because the flaws in [their] Amended Complaint are substantive rather than merely formal, granting Plaintiff[s] leave to amend again would be futile." *Chavous v. Hous. Visions Unlimited, Inc.*, No. 22-CV-811, 2023 WL 4144998, at *2 (N.D.N.Y. June 23, 2023); *see Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 322 (S.D.N.Y. 2016).  I accordingly decline to allow leave to amend again.

For the above reasons and those set forth in the Order, all claims are dismissed.  The Clerk of Court is respectfully directed to close the case.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 24, 2024
        White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge